Filed 4/11/14  P. v. Hutchinson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063596 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. RIF132260) |
| OMAR TYREE HUTCHINSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, Helios J. Hernandez, Judge.  Affirmed.

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Meagan J. Beale, Deputy Attorneys General, for Plaintiff and Respondent.

In 2010, a jury convicted Omar Hutchinson of murder.  Before sentencing, Hutchinson submitted a letter to the trial court delineating his complaints about his trial

counsel's representation.  The trial court did not hold a *Marsden*[1] hearing, and on appeal we reversed and remanded with directions to hold a *Marsden* hearing.  In the current appeal, Hutchinson asserts the trial court erred at the *Marsden* hearing because it failed to retrieve from its files the letter he originally wrote to the court setting forth his complaints about his counsel.  We find no reversible error and affirm.

BACKGROUND

In July 2010, Hutchinson submitted his postverdict letter to the trial court stating his trial counsel (Ryan Markson) had provided ineffective representation, and listing various complaints about his counsel's representation.  At Markson's request, the trial court appointed a new attorney to examine whether there were grounds for a new trial motion based on ineffective representation.  After the new attorney told the court she had found no grounds for a new trial motion, the trial court reappointed Markson to represent Hutchinson, and thereafter sentenced Hutchinson.  On appeal from these proceedings, we held, pursuant to *People v. Sanchez* (2011) 53 Cal.4th 80, that the procedure of appointing conflict counsel to evaluate claims of ineffective representation was improper; the trial court could not rely on counsel to decide ineffective representation claims; and the court was instead required to hold a *Marsden* hearing to itself determine whether Hutchinson was entitled to new counsel for all purposes.  We remanded the matter to the trial court to conduct a *Marsden* hearing to evaluate Hutchinson's request for new

---

[1]     *People v. Marsden* (1970) 2 Cal.3d 118.

counsel, and to decide any new trial motion. (*People v. Hutchinson* (Sept. 7, 2012, D059349) [nonpub. opn.].)

At the *Marsden* hearing held on January 31, 2013, the court asked Hutchinson why he wanted a new attorney. Hutchinson set forth various complaints concerning his lack of opportunity to speak with a particular defense investigator and request to have another investigator dismissed; his counsel's absence during pretrial motions due to surgery and failure to sever the case; and his counsel's failure to look at correspondence from Hutchinson in a timely fashion, call certain witnesses, recall a detective to the stand due to inaccuracies in his testimony, and request a pinpoint instruction. In response, Markson stated the witnesses mentioned by Hutchinson were either unavailable because they were transient or they did not help the defense; a defense investigator had a number of contacts with Hutchinson and the investigators tried to locate the witnesses identified by Hutchinson; Markson reviewed Hutchinson's letters to him providing information about the case although some were not reviewed immediately upon receipt; and he would not have proceeded with the case if he had not felt prepared and capable after his surgery. Markson also discussed various matters that affected the case, including Hutchinson's incriminating statements to a detective with no *Miranda*[2] violations, and the fact that the information provided by witnesses identified by Hutchinson failed to provide a defense.

Markson also mentioned the letter that Hutchinson had originally filed with the court after the jury's verdict, stating that he recalled Hutchinson's main contention was

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

3

the failure to call particular witnesses. When Markson inquired whether the court currently had a copy of the letter, the court stated it did not have the letter "right now" but it was in the file.

After listening to Hutchinson and Markson, the trial court ruled Hutchinson was not entitled to new counsel. The court stated it did not observe any problems during the trial and his attorney did a "fine job"; Markson was an experienced criminal law attorney with a good reputation; and complaints about matters such as which witnesses to call concerned trial tactics that are "strictly within the province of the attorney." Further, the court concluded there was no indication that anything had occurred that had undermined the attorney-client relationship between Hutchinson and Markson. Regarding the letter filed by Hutchinson after the jury's verdict, the court stated it had read the letter and did not "see anything wrong."

After denying the request for new counsel, the court inquired whether Markson thought a new trial motion was appropriate, and Markson responded that he did not. Accordingly, the court reinstated the judgment.

DISCUSSION

Hutchinson argues that at the January 2013 *Marsden* hearing, the trial court should have retrieved his July 2010 letter from its file and addressed the specific issues raised in the letter. He asserts it was unreasonable to expect him to remember all his complaints about his attorney two and one-half years after he wrote the letter, and the court's failure to retrieve the letter effectively denied him the right to present all of his reasons for requesting new counsel.

4

A defendant is entitled to new appointed counsel if the record shows the first appointed attorney is not providing adequate representation or that there is such an irreconcilable conflict that ineffective representation is likely to result. (*People v. Valdez* (2004) 32 Cal.4th 73, 95.) When a defendant requests substitute appointed counsel, the trial court must permit the defendant to explain the reasons for his dissatisfaction with his current counsel. (*People v. Sanchez, supra*, 53 Cal.4th at pp. 87, 90.) We review the trial court's resolution of *Marsden* issues for abuse of discretion. (*People v. Memro* (1995) 11 Cal.4th 786, 857.) If the trial court failed to conduct an adequate inquiry into the reasons for the substitution request, the case should be remanded for a reopened *Marsden* hearing unless the record shows the error was harmless beyond a reasonable doubt. (See *People v. Hill* (2013) 219 Cal.App.4th 646, 653-654; *People v. Leonard* (2000) 78 Cal.App.4th 776, 787.)

On appeal, Hutchinson identifies only one issue that the court failed to consider due to its failure to retrieve the letter—i.e., his complaint about lack of communication with his attorney. In support, Hutchinson cites a portion of the letter where he states that he had not received any legal counseling from his attorney; he had tried calling Markson and leaving messages; his family also tried contacting Markson; and they "received three verbal responses between 6-26-08 to 4-15-10." Hutchinson contends the trial court should have explored this complaint about lack of communication to determine if there had been a breakdown in the attorney-client relationship.

We need not decide whether the trial court abused its discretion by failing to obtain the letter from its files during the *Marsden* hearing because any error was harmless

beyond a reasonable doubt.  Although a *total* lack of communication between a defendant and counsel may show inadequate representation or an irreconcilable conflict, complaints about the *number of times* counsel has communicated with the defendant do not alone show impairment of the right to assistance of counsel.  (See *People v. Valdez, supra*, 32 Cal.4th at p. 96 [substitution not warranted based on complaint that defendant "had not been able to speak with counsel as often as he would have liked"]; *People v. Smith* (2003) 30 Cal.4th 581, 606 [substitution warranted if there is conflict creating " ' "total lack of communication preventing an adequate defense" ' "].)  Hutchinson's complaints in the letter about difficulties in reaching his counsel do not suggest that counsel had ceased communicating with him or that counsel's preparation of a defense was impeded.  To the contrary, the letter (which we have reviewed on appeal) indicates that there were communications with his counsel, stating there were about six visits with Markson before the preliminary hearing, a visit in June 2008, three verbal communications from June 2008 to April 2010, and contacts at scheduled court appearances.  Further, the discussions at the *Marsden* hearing show that the court explored Hutchinson's opportunity to convey information to the defense team, including discussions about Hutchinson's communication with defense investigators, the defense attempts to find witnesses identified by Hutchinson, and counsel's review of Hutchinson's letters providing information about the case.

There is no reasonable possibility that Hutchinson might have prevailed at the *Marsden* hearing based on the lack of communication claim set forth in his letter; hence, the court's failure to retrieve the letter caused no prejudice.

DISPOSITION

The judgment is affirmed.


                                                              HALLER, J.

WE CONCUR:


HUFFMAN, Acting P. J.


O'ROURKE, J.